UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  10-23134-CIV-MORENO

AARON JACKSON,

      Plaintiff,

vs.

MIAMI-DADE COUNTY,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Aaron Jackson is a lieutenant with the Miami-Dade County Department of Corrections and Rehabilitation, where he has worked for 28 years. He claims that Defendant Miami-Dade County intentionally retaliated against him in 2007, 2009 and 2010 by adding a bachelor's degree requirement for the position of Correctional Captain after he filed a claim of racial discrimination in 2005. The Court finds that the Plaintiff did not qualify for the Captain positions in 2007, 2009 and 2010 because he did not apply for them and did not have a bachelor's degree as required. The Court also finds that, even if the Plaintiff was qualified, he has failed to prove a causal connection between the protected activity in 2005 and the alleged retaliatory actions years later. In addition, the Court holds that the failure to promote in 2007 was time-barred and the one in 2010 is barred for failure to allege it in the Equal Employment Opportunity Commission charge in 2010. Therefore, summary judgment is granted in favor of Miami-Dade County.

## FACTUAL BACKGROUND

The Plaintiff, Aaron Jackson, is currently employed by the Miami-Dade County Department of Corrections and Rehabilitation ("the County") as a Lieutenant.  He has worked for the County for twenty-eight years, most recently earning $112,000 per year.

In 2004, the County posted a job opening for Correctional Captain.[1]  Plaintiff applied for the position but he was not promoted.  As a result he filed an Equal Employment Opportunity Commission ("EEOC") complaint against the County that alleged racial discrimination.

In July 2007, the County accepted applications for vacancies in the Captain position.[2] Plaintiff did not apply for the promotion.

In 2009, the County again accepted applications for Captain vacancies.  It required a bachelor's degree of both current County employees along with outside applicants, unlike in 2004 and 2007.  This change in requirements was not approved by the Miami-Dade County Compensation Division and the job posting was temporarily withdrawn.  The Director of the Department of Corrections, Timothy Ryan, hired in 2006, initially requested the added bachelor's degree requirement.  Plaintiff did not apply because he did not have a bachelor's degree.  The

---

[1]     The online minimum qualifications posting used the following formatting in 2004:
Bachelor's degree. A minimum of three to six years of progressively responsible experience in a correctional, law enforcement or military setting; or Currently employed by Miami-Dade County with permanent status and two years of experience as a Correctional Lieutenant or higher as required. Must possess a State of Florida Correctional Officer certification. Applicants may be subject to an extensive screening process to include background investigation, fingerprint check and polygraph examination. Pl.'s Aff. Ex. 2, 3/15/11. D.E. No. 43-2.

[2]     The online minimum qualifications posting used the following formatting in 2007:
Bachelors degree. A minimum of three to six years of progressively responsible experience in a correctional, law enforcement or military setting; or Currently employed by Miami-Dade County with permanent status and two years of experience as a Correctional Sergeant  or higher as required. Must possess a State of Florida Correctional Officer certification. Applicants may be subject to an extensive screening process to include background investigation, fingerprint check and polygraph examination. Weber Aff., Exhibit 1, 2/22/11. D.E. No. 31.

Captain position job was reposted in February of 2010. Plaintiff again did not apply for the position because he did not have a bachelor's degree.

## PROCEDURAL BACKGROUND

Plaintiff filed an EEOC complaint for retaliation on February 16, 2010.  In June of 2010, Plaintiff received a right-to-sue letter from the EEOC in response to his complaint.  Plaintiff alleges he was retaliated against for filing his 2005 EEOC charge, citing statements made by Corrections Deputy Director Marydell Guevara and Assistant Director Anthony Dawsey in 2005 and the added requirement of the bachelor's degree.  Though not alleged in the Complaint or in the 2010 EEOC complaint, Plaintiff argues in later filings that these acts together constitute a continuing retaliatory action.

### THE EEOC LIMITS OF TIMELINESS

Title VII complaints challenging an employment practice must be timely filed with the EEOC,  pursuant to 42 U.S.C. 2000e-5(e)(1). *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* 550 U.S. 618, 127 S.Ct. 2162, 2166-67, 167 L.Ed.2d 982 (2007).  "For a charge to be timely in a deferral state such as Florida, it must be filed within 300 days of the last discriminatory act." *E.E.O.C. v. Joe's Stone Crabs, Inc.,* 296 F.3d 1265, 1271 (11th Cir. 2002).  In applying the 300 day limit to the present case and the Plaintiff's EEOC filing date of February 16, 2010, the last act of retaliation would have to have take place by April 22, 2009.  When this limit is applied to the Plaintiff's allegations, only challenges of the 2009 and 2010 promotion opportunities can be

considered timely filed by the Plaintiff.[3]  Plaintiff concedes that he did not apply for the 2009 or 2010 Captain promotion.  The Court cannot construe inaction on the Plaintiff's part as an adverse employment action in determining if the Plaintiff established a *prima facie* case of retaliation. Instead, Plaintiff argues he was kept from applying by the introduction of a bachelor's degree requirement.  He contends this new requirement's introduction was an adverse employment act that was made in response to his 2005 EEOC charge.

## RETALIATION

### A. The Prima Facie Case of Retaliation

In a retaliation case, the plaintiff must show (1) that he participated in an activity protected by Title VII, (2) that he suffered an adverse employment action, and (3) that there is a causal connection between his participation in a protected activity and the adverse employment action.  *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, (11th Cir. 2000), *cert. denied*, 531 U.S. 1076 (2001).

Plaintiff Jackson alleges he was precluded from promotion because of the EEOC complaint he filed in 2005.  There is no dispute that the filing of an EEOC complaint is a protected expression.

If the plaintiff has established these three requirements of a *prima facie* case, "the burden shifts to the defendant to rebut the presumption of retaliation by producing legitimate reasons for the adverse employment action."  *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919

---

[3]  Plaintiff alleges that an additional opportunity for promotion to Captain was posted by the the County in February 2010 and that, even though not included in the Complaint or EEOC complaint, it constitutes further retaliation.

(11th Cir. 1993).  At the summary judgment stage, if the defendant successfully rebuts the retaliation presumption with legitimate reasons, then the plaintiff must raise genuine issue of material facts "as to whether the defendant's proffered reason is a pretextual ruse to mask a retaliatory action." *Rainey v. Vinson Guard Service, Inc.*, 120 F.3d 1192, 1196 (11th Cir. 1997).

The provision covers "those (and only those) employer actions that would have been materially adverse to a reasonable employee or applicant." *Burlington* 528 U.S. at 57.  The employer's actions must be so harmful they could well dissuade a reasonable worker from making a charge of discrimination. *Id.*  But "[n]ot everything that makes an employee unhappy is an actionable adverse employment action." *Shannon v. BellSouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002).

In this case the Plaintiff claims that statements attributed to Guevara and Dawsey were retaliatory.  Plaintiff claims that a former employee named Armando Quinoa told him that Guevara said that as long as she worked for the Corrections Department the Plaintiff would not be promoted.  Plaintiff claims Dawsey made a comment "that leaders make decisions that some or a lot of people will not like and the leader has to deal with that.  If you are affected by the decision, you must remember that your reaction to that decision will be observed and you will be judged by how you communicate with the chain, also outside the department to county hall because there will be additional promotional opportunities coming up."  These statements made in 2005, even if admissible[4], are too remote in time to the failure to promote in 2007 and 2009.  Furthermore, they do not qualify as materially adverse actions to a reasonable employee nor do they come from the decision maker, Director Ryan.

---

[4]Guevara's statement is hearsay and thus, not admissible. *See* <u>*Macuba v. Deboer*</u>, 193 F.3d 1316, 1322-25 (11th Cir. 1999).

A causal connection exists when a plaintiff can show that a decision maker was aware of the protected expression and the adverse action was not unrelated to that protected expression. *See McCann v. Tillman,* 526 F.3d 1370, 1376 (11th Cir. 2008). "A casual connection can be established by the close temporal proximity between the protected activity and the adverse action." *Curtis v. Broward County*, 292 Fed. Appx. 882, 885 (11th Cir. 2008); *(citing Thomas v Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). Close temporal proximity has been determined as less than three months and narrowed to closer to a seven-week gap. *See Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. 2006) (holding that three months time period was insufficient to show a causal connection between protected activity and adverse employment action); *Farley v. Nationwide Mut. Ins. Co,*, 197 F.3d 1322, 1337 (11th Cir. 1999) (holding that a seven-week time period is close enough to establish a casual connection.) But in the absence of other evidence of causation, a substantial delay between the protected expression and the adverse action will cause the retaliation complaint to fail as a matter of law. *See Higdon v. Jackson*, 393 F.2d 1211, 1220 (11th Cir.2004) (citing *Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir.2001).

Beyond establishing a sufficiently close temporal proximity, a plaintiff must also establish that "the decision maker was aware of the protected conduct at the time of the adverse employment action." *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277-78 (11th Cir. 2008) (citing *Brungart v. BellSouth Telecomms, Inc.*, 231 F.3d 791, 799 (11 th Cir. 2000) (stating " a decision maker cannot have been motivated to retaliate by something unknown to him"). There is no evidence that Director Ryan was ever aware of the 2005 EEOC complaint filed before he became the Director.

### B. The 2009 Job Opening

The introduction of a bachelor's degree requirement in 2009 for County employees

applying to become Captain was not an adverse employment action.  The job posting was

removed by the County after it was alerted by Miami-Dade County Compensation Division that

the revised minimum requirements were not properly approved. Plaintiff argues that he had a role

in alerting the necessary parties of the failure to properly approve the change and had it not been

for his efforts, the County's attempt to keep him from qualifying for Captain would have worked.

However, there is no evidence that Director Ryan knew of Plaintiff's 2005 EEOC charge. Nor is

there any showing that Ryan knew of and disregarded obtaining proper approval for the change

in applicant requirements in order to keep the Plaintiff from the Captain's promotion.  Plaintiff's

"mere conclusions and unsupported factual allegations are legally insufficient to defeat a

summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326, (11th Cir.2005).

### C. The 2010 Job Opening

The introduction of a bachelor's degree requirement in the 2010 job posting for Captain

does not create a *prima facie* case of retaliation.  Again, there is no evidence that Ryan was aware

of Plaintiff's 2005 EEOC charge.  Furthermore, the Plaintiff did not include this charge in his

2010 EEOC complaint.

### D. Continuing Violation Argument

Plaintiff contends in his Reply and at oral argument that all of the alleged acts actually

comprise a continuing violation, because they share the same subject matter and have the

required frequency and permanence. *See Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971,

-7-

981 (5th Cir. 1983). While an employee can tie time-barred acts to timely filed charges under this doctrine, he must build a substantial nexus between the two sets of action. *See Milton v. Weinberger*, 645 F.2d 1070, 1077 (D.C. Cir.1981).  That nexus does not exist in this case.

The facts according to the Plaintiff do not fulfill the requirement that there be a sufficiently close nexus of subject matter. The comment from Dawsey in no way impacts Plaintiff's ability to apply for a promotion to Captain.  Neither does Guevara's alleged statement as heard by the Plaintiff from a third party.  The fact that Plaintiff was not promoted in 2007, 2009 and 2010 are only similar because they share the same result: Plaintiff was not promoted because he did not apply.  In 2007, Plaintiff did not apply. In 2009 and 2010, Plaintiff did not apply nor qualify. "Mere commonality of effect is not sufficient to invoke the continuing violation doctrine." *Roberts v. Gadsden Memorial Hosp.*, 835 F.2d 793, 800 (11th Cir.1988) (*referring to United Airlines v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977).

The frequency of the alleged events fails to show a continuing violation. For the frequency to be determined, the acts must be sufficiently alike. *Roberts* 835 F.2d at 801.  The acts Plaintiff asserts are a continuing violation are incongruent and separated by years of time.  In *Maniccia v. Brown*, 171 F.3d 1364, 1370 (11th Cir. 1999), an employee brought a retaliation claim based on being transferred and terminated within 15 and 21 months of filing a grievance against her supervisor, the court held "[f]ar from demonstrating a pattern of retaliatory activity, these two [adverse] employment actions were isolated events that had no temporal relationship to appellant's protected activity." Plaintiff's similarly fails to establish a pattern of retaliatory activity.

Even if the frequency and subject matter requirements were met, the Plaintiff fails to

show permanence. Plaintiff is aware of his rights as shown in his filing an EEOC charge in 2005. He should have exercised his rights immediately after each incident he alleges was retaliatory. An employee has a duty to assert his rights. *Berry,* 715 F.2d at 981. Otherwise, a continuing action complaint by a plaintiff who failed to previously assert his rights is nothing but a means of avoiding the time limits surrounding EEOC charges.

The continuing action doctrine that Plaintiff attempts to introduce is inapplicable. Plaintiff knew of his rights throughout the now time-barred acts.

## CONCLUSION

Simply put, there is no evidence that Director Ryan denied any promotion to Lieutenant Jackson in retaliation for the EEOC charge Jackson filed in 2005. Therefore, the Defendant's Motion for Summary Judgment is GRANTED and all pending Motions are DENIED as Moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 30ᵗʰ day of June, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  10-23134-CIV-MORENO

AARON JACKSON,

      Plaintiff,

vs.

MIAMI-DADE COUNTY,

      Defendant.

_____/

### **FINAL JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and 58, and in accordance with the reasons stated in the Court's Order Granting Summary Judgement on **June 30, 2011**, judgment is entered in favor of the Defendant MIAMI-DADE COUNTY and against Plaintiff AARON JACKSON.

DONE AND ORDERED in Open Court at Miami, Florida, this 30ᵗʰ day of June, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record